UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-AGAINST-<br><br>SHAKISHA TRACY,<br><br>DEFENDANT | 07 CRIM 496 (DLC) |

## SENTENCING MEMORANDUM
## ON BEHALF OF SHAKISHA TRACY

Darius Wadia
Darius Wadia, L.L.C.
Attorney for Ms. Tracy
233 Broadway, Suite 2208
New York, New York 10279
(212) 233-1212
dwadia@wadialaw.com

# DARIUS WADIA
## ATTORNEY AT LAW

DARIUS WADIA, L.L.C.
THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2208
NEW YORK, NEW YORK 10279

TELEPHONE: (212) 233-1212
FACSIMILE: (212) 571-9149
dwadia@wadialaw.com

January 4, 2008

To Be Filed Under Seal[1]

The Honorable Denise Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

                Re:    *United States of America v. Shakisha Tracy*
                       07 Cr. 496 (DLC)

Your Honor:

      I am writing on behalf of my client, Shakisha Tracy, who is scheduled to be sentenced in the above-captioned matter on January 18, 2008. Ms. Tracy faces a Guideline range of six to twelve months imprisonment that can be satisfied, among other ways, by a sentence of probation that includes the substitution of confinement or home detention for imprisonment. However, in light of Ms. Tracy's lack of contact with the criminal justice system, her current medical situation, as well as other relevant factors discussed herein, the defense respectfully requests that this Court be as merciful as possible and that your Honor impose a non-Guidelines sentence of two years of probation without a condition of confinement or detention.

## I.    THE ADVISORY SENTENCING GUIDELINES

      The Presentence and Investigation Report prepared by the Probation Office concludes that the Total Offense Level under the Guidelines is 10 and that based on that level and a Criminal History Category of I, the Guidelines range for imprisonment is 6 to 12 months. However, since the applicable range is in Zone B, Ms. Tracy is eligible to be sentenced, *inter alia*, to probation and home confinement. U.S.S.C. § 5C1.1(c)(3). P.I.R. ¶ 56.[2]

---

[1] Because throughout this submission, as well as in most of the letters attached hereto, references are made to Ms. Tracy's medical condition and/or detailed information regarding her minor children, the defense will request at the time of sentence that the entire submission be filed under seal.

[2] References to P.I.R. followed by the paragraph number refer to the specific paragraph in the Presentence Investigation Report

The defense does not contest the conclusions of the Probation Office regarding the otherwise applicable Guidelines sentence, but submits instead that a non-Guidelines sentence of probation and restitution is sufficient to comply with the goals of 18 U.S.C. § 3553(2).

## II.   APPLICABLE SENTENCING STANDARD

Under the new advisory sentencing system instituted by the Supreme Court's decision in *United States v. Booker*, 125 U.S. 738 (2005), district courts are now required to consider all sentencing factors set forth in 18 U.S.C. § 3553(a) rather than give controlling weight to the Sentencing Guidelines and the policy Statements of the Sentencing Commission. *See Gall v. United States*, 552 U.S. ___, ___,128 S.Ct. 586, 596-97 (2007) (a district court judge should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party" and in so doing, he or she "may not presume that the Guidelines range is reasonable"). While the Guildelines should serve as "the initial benchmark," *id.* at 596, the district court's obligation to "consider" the calculated Guidelines range and relevant policy statement "does not mean mandatory adherence." *United States v. Jones*, 460 F.3d 191, 195 (2d. Cir 2006).

The district court's post-*Booker* role is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a). In reviewing the exercise of that responsibility, the Second Circuit has repeatedly affirmed the wide latitude afforded sentencing judges, who are uniquely situated to "achieve a somewhat more individualized justice." *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir. 2005). As pointed out by the *Jones* Court:

> Although the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness.

460 F.3d at 195.

As set forth in more detail below, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), should ordinarily lead this Court to impose a Guidelines sentence no greater than a sentence of probation that includes a condition of home detention in lieu of imprisonment. However, in light of "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), including Ms. Tracy's medical situation, it is respectfully submitted that a non-Guidelines sentence of probation without any condition of confinement is warranted.

The section 3553(a) sentencing factors as they pertain to Ms. Tracy are discussed in turn below.

A.   The Nature and Circumstances of the Offense (18 U.S.C. § 3553(a)(1))

Ms. Tracy wrongfully and criminally received Section 8 rental subsidies at a time that she was not eligible to do so by falsely underreporting her income on New York City Housing Authority affidavits of income. Ms. Tracy has admitted her guilt and accepts full and sole responsibility for her actions. She knows that her conduct was wrong and she is extremely remorseful for what she has done.

B.   The History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))

   1.   Background

Shakisha Annette Tracy was born in Queens, New York, on         , 1973 to Annette and Victor Tracy. Ms. Tracy's parents were divorced when she was very young and she and her older sister, Sharice Tracy-Williams, were raised by their mother in Jamaica, New York. Ms. Tracy grew up under difficult financial circumstances, and, like many of the other families in the neighborhood, theirs lived paycheck to paycheck.

Ms. Tracy attended public schools and was graduated from Julia Richman High School in 1990. Following high school, Ms. Tracy attended college, receiving a Bachelor's degree in Business Administration from Hofstra University in May 1995.

After graduating from college, Ms. Tracy had various part-time positions until finding full-time employment at the Federal Reserve Bank as an Associate IT Support Analyst and then at the New York Stock Exchange as a project coordinator. Ms. Tracy was laid off from the New York Stock Exchange in November 2006, during the time of its merger with Euronext.

Ms. Tracy and her family regularly attend the Smith-Thompson Memorial A.M.E. Zion Church in Jamaica, New York, where she has served as Special Events Coordinator and Coordinator of the Young Missionary Society. A character reference that the Rev. Dr. Charles W. Young, Pastor of the Church, wrote on Ms. Tracy's behalf last year is attached hereto as Exhibit A.

   2.   Volunteer work

During the years that Ms. Tracy was working at the New York Stock Exchange, she conducted several class trips for special-needs students at the Martin de Porres School in which she gave inner-city kids tours of the various stock markets and discussed with them finances, banking and the importance of saving and investing. A June 6, 2007 letter of reference from Martin De Porres' Vocational Education Coordinator Sheila Smith, who does not know about Ms. Tracy's criminal case, is attached hereto as Exhibit B.

    3.    *Family life*

Ms. Tracy lives with her husband, Jean Edouard Apollon, and their two sons, Apollon,     and     Apollon,  .

A letter from Ms. Tracy's husband is attached hereto as Exhibit C. In it, Mr. Apollon speaks of his support for her, the hardships that she has and continues to endure in her life, her generosity toward others, and her strong sense of family.

A letter from a family friend and godfather to          , Orville Hill, who is the Director of the College Discovery Program at the Borough of Manhattan Community College is attached as Exhibit D. Also attached, as Exhibit E and F respectively are letters from two more of Ms. Tracy's longtime friends, Edmund Joseph Diego and Linda Taylor, who is also          godmother.

    4.    *Current medical condition*

C.  THE NEED NOT TO IMPOSE A SENTENCE GREATER THAN PROBATION
    (18 U.S.C. § 3553(a)(2))

In its recent case of *Gall v. United States*, 552 U.S. ___, 128 S.Ct. 586 (2007), the Supreme Court of the United States reversed the Eight Circuit's reversal of a probationary sentence for an ecstasy distribution conviction, where the Guidelines called for a sentence of incarceration. In doing so, the High Court stated:

> We recognize that custodial sentences are qualitatively more severe than probationary sentences of equivalent terms. Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty. See *United States v. Knights*, 534 U. S. 112, 119 (2001) ("Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled'" (quoting *Griffin v. Wisconsin*, 483 U. S. 868, 874 (1987))). Probationers may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their probation officer or the court. They must report

> regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking. USSG §5B1.3. Most probationers are also subject to individual "special conditions" imposed by the court.

552 U.S. at ___, 128 S.Ct. at 595-96 (footnote omitted).

A fraud on the United States is beyond question a serious offense. In the case of Ms. Tracy, however, it is respectfully submitted that a straight probationary sentence will adequately restrict her liberty in a manner sufficient to justly punishing her conduct while at the same time promoting a respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A). As set forth in the Presentence Investigation Report, by statute Ms. Tracy is eligible for not less than one nor more than five years of probation, 18 U.S.C. § 3561(c)(1), with a condition of a fine, restitution or community service. 18 U.S.C. § 3563(a)(2). P.I.R. ¶ 55.

A sentence of probation will also serve to provide adequate deterrence — both general and specific — to any future criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B). Her felony conviction itself will likely limit Ms. Tracy's ability to ever again work in her chosen field. As acknowledged by the Supreme Court, a probationary sentence will also preclude her from enjoying the quality of liberty to which she would otherwise have been entitled. With the exception of the offense for which she is now being sentenced, Ms. Tracy has led a hard-working, honest and law-abiding life. Her arrest, indictment and conviction have themselves been devastating for Ms. Tracy and her family but she knows that she alone has brought the consequences of her actions upon them. No matter what the sentence, Ms. Tracy will never again run afoul of the law. Others can also learn by her unfortunate example the devastation that they too could reap upon themselves, their careers and their families were they to engage in similar conduct.

For the same reasons, as well as the circumstances of Ms. Tracy's health, a probationary sentence without a condition of confinement, will more than adequately serve "to protect the public from any further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(2)(C). Not only will she be monitored by a United States Probation Officer for a period of years, but also the lessons learned as a result of her misdeeds will remain with her for life.

When Ms. Tracy is again well enough to work, she may well need to learn a new skill set, as employment suitable for someone with a degree in business administration will not likely be available to her. Probation is the best vehicle for ensuring that Ms. Tracy gets the educational or vocational training she may need. *See* 18 U.S.C. § 3553(a)(2)(D). Moreover, by confinement not being a condition of that probation, she can most easily — and safely — get the medical care she needs. *Id.*

It is worth noting as well that a probationary sentence is financially the least costly to both a defendant and to society, and thus, in a case like this where Ms. Tracy's illness and family obligations serve to confine her to her home for most of the day anyway, it is the most economically effective sentence. *Id.*; P.I.R. ¶ 56.

D.  **THE KINDS OF SENTENCES AVAILABLE, THE SENTENCING RANGE ESTABLISHED BY THE GUIDELINES AND THE SENTENCING COMMISSION'S POLICY STATEMENT (18 U.S.C. § 3553(a)(3)-(a)(5)**

Ms. Tracy does not contest or object to the findings of Probation with regard to the advisory Guidelines range, but submits instead that a non-Guidelines sentence of probation and restitution is sufficient to comply with the sentencing goals of 18 U.S.C. § 3553(2) and is appropriate in her case. Insofar as Ms. Tracy is a non-violent first-time offender, there is no mandatory minimum sentence and she is eligible for probation. 18 U.S.C. § 3561(c)(1); P.I.R. ¶ 55.

E.  **THE SENTENCES OF SIMILARLY SITUATED DEFENDANTS (18 U.S.C. § 3553(a)(6))**

Another of the relevant sentencing factors to be considered by this Court is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). Ms. Tracy was charged at the same time as approximately 29 other individuals with defrauding New York's Section 8 housing subsidy program. According to publically available information, at least two of these defendants, Katrina Hamilton (07 Cr. 00221 (PKC)) and Vickie Wright (07 Cr. 00239 (TPG)), whose fraud amounts were $46,878 and $51,582 respectively, pleaded guilty and have already been sentenced. Each of them received sentences of probation, Ms. Hamilton for two years, Ms. Wright for three years, with a condition of six months home confinement.

Although Ms. Tracy is seeking a below-the-Guidelines sentence of probation without a condition of confinement based primarily on her unique medical situation and the other factors outlined herein, in light of the sentences of these similarly-situated defendants and the provisions of section 3553, it is the defense's position that Ms. Tracy should receive a sentence no harsher than those imposed on Ms. Hamilton and Ms. Wright. If the Court does not see fit to downwardly depart in order that it may impose a solely probationary sentence, Ms. Tracy respectfully requests that the conditions of her home confinement be such as to allow her to freely visit her doctors and transport her children to school, tutoring and other activities relating to their education and that she be allowed the use of a mobile telephone which will be necessary in case of a medical emergency.

F.  **THE NEED TO PROVIDE RESTITUTION TO ANY VICTIMS OF THE OFFENSE (18 U.S.C. § 3553(a)(6))**

A non-custodial probationary sentence is entirely consistent with the goals of making a victim whole through restitution as a sentenced defendant will have the resources to find employment and the opportunity to earn an income.

### III. CONCLUSION

For the foregoing reasons, it is respectfully request that Ms. Tracy be sentenced to restitution and a probationary sentence of two years without a condition of confinement or home detention.

Respectfully submitted,

Darius Wadia
Attorney for Shakisha Tracy

Copy:  United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York  10007
Attention:  AUSA Randall Jackson

United States Department of Probation
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007
Attention:  U.S. Probation Officer Simone Belgrave

Shakisha Tracy

# Smith-Thompson Memorial A.M.E. Zion Church
## 116-41 155th Street † Jamaica, NY 11434
### Rev. Dr. Charles W. Young, Pastor

Ruth Nixon, Chairman Trustee Board
Elizabeth Wansley, Chairman Steward Board

8/03/2007

To Whom It May Concern:

It is with great pleasure that I write this character reference letter for Ms. Shakisha Tracy. I have known Shakisha Tracy for many years. She and her family have been members of Smith-Thompson Memorial since her childhood.

In addition, she currently serves as Coordinator of the Young Adult Missionary Society as well as an Special Event Coordinator for High Level Church functions. She is organized, efficient, extremely competent, and has an excellent rapport with people of all ages. Moreover, she has always presented herself in a polite, professional and intelligent manner.

In summary, Ms. Tracy is an valuable asset to the church and the community. If you have any questions, please do not hesitate to contact me.

Sincerely,

*Charles W. Young*

Rev. Dr. Charles W. Young, Pastor

# MARTIN DE PORRES
### "TOUCHING HEARTS SINCE 1972..."



Agency Administrative Office, 136-25 218th St, Springfield Gardens, NY 11413-2226
Phone #: (718) 525-3414    Fax #: (718) 525-0982    Website: www.mdp.org

| High School | Elementary/Middle School | Academy for Career Development |
|---|---|---|
| 500 19th St | 136-25 218th St. | 621 Elmont Road |
| Brooklyn, NY 11215 | Springfield Gardens, NY 11413-2226 | Elmont, NY 11003 |
| Tel #: (718) 832-1821 | Tel #: (718) 525-3414 | Tel #: (516) 616-0580 |
| Fax #: (718) 832-2382 | Fax #: (718) 525-0982 | Fax #: (516) 616-0582 |

June 6, 2007

Dear Sir/Madam,

I am pleased to write this reference letter for Shakisha Tracy. I have known Shakisha for five years. We met when her son attended an after school program at my school.

Shakisha organized class trips to New York City for several of my classes. She gave them a tour; and a mini lesson on the stock market and its importance to the global economy. She discussed finances, banking and the benefits of saving and investing. She was also instrumental in introducing my students to computer technology and the part technology plays in today's workplace.

Shakisha is organized, efficient and extremely competent. Her communication skills, both written and verbal are excellent. She demonstrated her leadership qualities by taking an idea and bringing it to fruition. She has excellent rapport with my students and the staff. She is highly motivating to them. I invite her frequently to be a career day guest speaker for our vocational program.

Shakisha is intelligent, capable and personable. She brings a set of unique skills that would be a valuable asset to any community.

If you have any questions, please do not hesitate to contact me.

Sincerely,

*Sheila Smith MA.ED*
*Vocational Education Coordinator*

Permanently Chartered by the Board of Regents of the University of the State of New York
Accredited by the Middle States Association of Colleges and Schools

December 23, 2007

Reference: Shakisha Tracy-Apollon

Dear Sir or Madam:

I am very pleased to provide this letter of reference for Ms. Shakisha Tracy. I have known Shakisha for over 22 years. She is my child hood sweet, friend, and wife whom I love and cherish. We have two children,
). Shakisha is the backbone behind our family and continues to be an inspiration toward myself and the children.

Even though she spends a lot of time handling the responsibility of our two children she has taken interest in helping other children that have special needs. This shows our children the value of giving back to the community.

Even though Shakisha is enduring a great of amount of life challenges, I will continue to support the obstacles that she is facing. Nonetheless, we have refocused our energy to rebuild ours lives and future goals. She continues to be a great wife and mother with a positive attitude. She continues to be ambitious, intelligent, bright, and articulate young lady. I am happy to have her in my life and I am confident that she will continue to have an optimistic impact in my children and my life.

Sincerely,

Jean E. Apollon Sr.



August 2, 2007

**TO WHOM IT MAY CONCERN:**

RE: Ms. Shakisha Tracy

Dear Sir/Madam,

I am indeed very pleased to provide this letter of reference for Ms. Shakisha Tracy. I have known Ms. Tracy for over seventeen years. She is the wife of a very close friend of mine, and additionally, is the mother to one of my Godsons

Over the years, I have observed and admired the life Shakisha and the contributions she has made to others. She is very family oriented; husband of Jean E. Apollon and mother to two children  . She is a driving force behind her family and has been an inspiration both for herself as well as her husband.

Shakisha enrolled at Hofstra University upon completion of high school in 1990. She graduated with a BBA degree in 1995. Upon graduating from college, she put great effort in assisting young children and teenagers the importance of education and achieving their goals. I am sure that her encouraging personality and creativity will demonstrates her care and respect for others.

Shakisha attends the Smith-Thompson Memorial church in Queens, New York where she serves among other things, as a Board Member and Coordinator of the Young Adult Missionary Society. This organization has invited several speakers into the church to address Women subject matters such as Breast Cancer and amongst other topics. She also organizes retreats for the younger children such as bowling, or going to them movies.

Her family sustained a total loss from fire damage to their home in 2003. She refocused and endeavored to rebuild her life and along with her family, has made significant progress in that regard. Shakisha is a self motivated individual with a winsome personality. She is progressive, bright and articulate professional women. I am confident that she will continue to have a positive impact in the lives of her family and friends.

Sincerely,

Orville Hill
Director

December 22, 2007

RE: Ms. Shakisha Tracy

Dear Sir/Madam,

I am delighted to provide this character reference letter for Shakisha Tracy in respect to her veracity. I have known Shakisha for ten years. She has always represented herself in a goal oriented, professional, and considerate manner. She is a graduated from college with a Bachelors Degree in Business Administration.

Over the years, I have admired the contributions Shakisha had made to the community. She has organized several trips for unprivileged children to grasp a clear understanding of the importance of continuing an education.

Shakisha and her family are members of Smith-Thompson Memorial church in Queens, New York. She served as a Board Member and Coordinator of the Young Adult Missionary Society. This group has taken a special interest in hosting forums to educate members as to ways to improve their health.

She is proud of mother of two children –                        who instills strong morals and ethics in her children .She encourages them to excel in school and to work hard to accomplish their goals.

Although she is encountering several _____ and financial obstacles in her life, Shakisha is attempting to move forward with her future endeavors. She continues to be a self motivated individual with a pleasant personality. She is a progressive, bright and articulate individual.

Best Regards,

Edmund Joseph Diego

December 23, 2007

RE: Ms. Shakisha Tracy

To Whom It May Concern,

I am very pleased to provide this letter of reference for Shakisha Tracy. I have known Shakisha for 15 years who is a very close friend of mine. I am the Godmother to her oldest son          In the fifthteen years that we have been friends, she has been an excellent role model to her family and friends.

Shakisha is a loving wife to Jean Apollon Sr. and proud mother of two children         ).She teaches her children family values and the importance education.

As a Social Worker and foster parent, I have experience in working with children and teenagers disciplinary issues to help them bring some normality to their lives. Because

In 2003, Shakisha and her family sustained a total loss from fire damage to their home.

Although, Shakisha and her family has been faced with several challenges. She has began to refocused and rebuild her life and along with her family.

To tell the truth, I really can't think of anything of consequence on the negative side of the personality ledger when it comes to Shakisha. I would have to say that is Shakisha is a fine, well-balanced person with an abundance of positive qualities.

Sincerely,

*[signature]*

Linda Taylor

December 30, 2007

**TO WHOM IT MAY CONCERN:**

RE: Ms. Shakisha Tracy

To Whom It May Concern,

I felt quite honored to provide this reference letter in respect to the integrity to my sister Shakisha Tracy. She is great mother to two children – who has continues to instill strong values in their lives. Shakisha is not without other life challenges,

Shakisha is only 3 years younger than me, but in terms of the influences she's had on my life, she given me opportunity to view life in a different prospective outside of my realm. She is a smart ambitious young lady that graduated one year early with honors from high school. She has gone on to obtain her college degree in Business Administration at Hofstra University.

I could continue to describe several positives descriptions of Shakisha many other good qualities such as her professional orientation, positive attitude, and her creativeness, to name three. Though all the obstacles that she has encountered, I shall continue to support her in rebuilding her life a long with her family through out her medical and financial hardships. Shakisha continues to be a self motivated individual with an optimistic personality. She is a progressive, bright and articulate young lady. I am confident that she will try to continue to have a positive impact to society.

Sincerely,

Sharice Tracy-Williams